UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELMAN MARROQUIN, | Civil Action No. 18-988 (SDW) |
| Petitioner, | |
| v. | OPINION |
| CHARLES GREEN, | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Elman Marroquin, filed pursuant to 28 U.S.C. § 2241 (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 4), to which Petitioner replied. (ECF Nos. 5-6). The Government has also submitted a letter updating the Court as to the status of Petitioner's immigration proceedings. (ECF No. 7). For the following reasons, this Court will deny the petition without prejudice.

**I. BACKGROUND**

In denying Petitioner's previous immigration habeas petition, this Court provided the following summary of the background of Petitioner's immigration detention:

> Petitioner, Elman Marroquin, is a native and citizen of Guatemala who entered this country illegally in 2003. Following Petitioner's arrest on charges including aggravated assault in New Jersey, immigration officials initiated removal proceedings against Petitioner based upon his illegal entry. On October 27, 2016, Petitioner was released from the Somerset County Jail and taken into immigration custody. Petitioner was also, at that time, issued a notice to appear before the immigration courts which informed Petitioner that he was subject to removal based on his illegal entry,

1

and a second notice informing him that immigration officials had determined that he should be subject to discretionary detention pending the outcome of his removal proceedings. On October 27, 2016, upon being informed that he was subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), Petitioner requested review of his detention by an Immigration Judge in the form of a bond hearing. Petitioner received his first bond hearing in November 2016, but no action was taken on his request at that time by the Immigration Judge. Petitioner filed a request for a bond redetermination in December 2016, resulting in another hearing on December 13, 2016. The Immigration Judge assigned to Petitioner's case again took no action at that time, declining to grant Petitioner bond. Petitioner returned to the immigration court on February 23, 2017, for another bond redetermination hearing. At that time, an Immigration Judge denied Petitioner's bond request, finding Petitioner to be a flight risk and a danger to the community. Petitioner reserved his right to appeal that outcome.

Rather than appeal this first denial of bond, Petitioner filed another bond redetermination request with the immigration courts. On March 28, 2017, a second Immigration Judge denied Petitioner's bond request, again finding him to be a danger to the community and a flight risk. Petitioner then filed an appeal of this second denial to the Board of Immigration Appeals ("BIA"). In advance of Petitioner's appeal, the Immigration Judge issued a written opinion on April 14, 2017, explaining the reasoning for the denial of Petitioner's bond redetermination request. In that opinion, the Immigration Judge explained that Petitioner was a flight risk and danger to the community and was therefore not entitled to bond based on Petitioner's history of domestic incidents, his criminal history which included multiple criminal charges, and his lack of any substantial ties to the community or his U.S. citizen child. On June 13, 2017, the BIA issued its decision on Petitioner's bond redetermination appeal. In its decision, the BIA determined that the Immigration Judge had correctly determined that the Government had "established, by clear and convincing evidence, that [Petitioner] is a danger to the community," and that Petitioner was therefore not entitled to bond. The BIA thus dismissed Petitioner's appeal.

*Marroquin v. Green,* No. 17-3008, 2017 WL 4516467, at *1 (D.N.J. Oct. 6, 2017) (record citations omitted).

Based on this background, Petitioner previously sought relief from this Court, arguing that his detention had become overlong, and that he should therefore receive a new bond hearing.

2

(Docket No. 17-3008 at ECF No. 1). This Court denied that petition as Petitioner was subject to discretionary detention under 8 U.S.C. § 1226(a), and had already received a bond hearing. *Marroquin*, 2017 WL 4516467 at *2. As this Court explained to Petitioner at that time,

> While this Court may have the authority to order a bond hearing for a discretionary detainee who can show that he was denied Due Process during his bond hearing, Petitioner makes no such showing in this matter and the Court is aware of no authority permitting a new bond hearing where an alien has failed to make such a showing. *See, e.g., Garcia*, 2016 WL 1718102 at *3 (court can grant a new bond hearing to § 1226(a) detainee where the original hearing was conducted unlawfully or was not held at all, but cannot overrule denial of release after a bona fide hearing); *see also Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) (same); *see also Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *1-2 (D.N.J. Jan. 5, 2016). Indeed, Petitioner has already received multiple bond redetermination hearings, at which he was denied bond by both the Immigration Judges assigned to his matter and the BIA, and this Court "does not have the power to second guess the discretionary decision of the IJ to deny . . . release on bond." *Pena*, 2016 WL 74410 at *2; *see also* 8 U.S.C. § 1226(e) (the "Attorney General's discretionary judgment regarding the [granting or denial of bond] shall not be subject to review. No court may set aside any action or decision [of an immigration judge] regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole"); *Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015); *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004). Because Petitioner has already received the bond hearing he claims to seek, and bond has been denied on multiple occasions, and because this Court lacks the authority to second-guess the decision of the immigration courts with regard to Petitioner's denial of bond, Petitioner is not entitled to habeas relief, and his petition must be denied. *Pena*, 2016 WL 74410 at *2.

*Id.*

Following the dismissal of his prior habeas petition, the immigration judge ordered Petitioner removed and denied his application for cancellation of removal on October 16, 2017. (*See* Document 4 attached to ECF No. 4 at 3). Petitioner appealed that ruling, but the BIA affirmed and dismissed his appeal on March 6, 2018. (*Id.* at 3-4). Petitioner, however, sought review from

3

the Third Circuit. (*See* ECF No. 7). Petitioner also filed with the Third Circuit a motion for a stay of removal. (*Id.*). On April 5, 2018, the Third Circuit granted that motion, and stayed Petitioner's removal pending the outcome of his petition for review. (*Id.*; *see also* Document 1 attached to ECF No. 6 at 2). Thus, while Petitioner had previously received a final order of removal, that order is stayed at this time.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his filings, Petitioner argues at length that he should receive a new bond hearing because his immigration detention has become overlong. Petitioner largely bases his arguments on cases dealing with mandatory detention under 8 U.S.C. § 1226(c). Petitioner, however, is not being held pursuant to § 1226(c). As this Court explained to Petitioner in denying his previous habeas petition, Petitioner's pre-final order detention arose out of the Government's discretionary

detention authority pursuant to 8 U.S.C. § 1226(a). *Marroquin*, 2017 WL 4516467 at *2. Although Petitioner previously received an administratively final order of removal which would normally shift the statutory basis for his detention to post-final order detention under 8 U.S.C. § 1231(a), because he has received a judicially ordered stay of removal from the Third Circuit, he has instead reverted to the previous basis for detention, in this case § 1226(a). *See, e.g., Leslie v. Att'y Gen.*, 678 F.3d 265, 268-70 (3d Cir. 2012). Petitioner thus remains detained pursuant to § 1226(a).

As this Court has previously explained to Petitioner and has recently reiterated,

> Aliens held pursuant to 8 U.S.C. § 1226(a) are entitled to bond hearings at which they can secure their release if they can "demonstrate [that] they would not pose a danger to property or persons and . . . are likely to appear for any future proceedings." *Contant*, 352 F. App'x at 695; 8 C.F.R. § 236.1(c)(8). At such a hearing, the burden rests on the alien himself, who must show that he does not pose a danger and is likely to appear "to the satisfaction of the" immigration judge holding the hearing. 8 C.F.R. § 236.1(c)(8); *see also Matter of Fatahi*, 26 I&N Dec. 791, 793-95 & n. 3 (BIA 2016). Congress specifically provided immigration officials with the discretion to grant or withhold release on bond, and "[n]o court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). District Courts sitting in habeas review therefore have no jurisdiction to review the decision of an immigration judge denying bond. *See, e.g., Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. January 5, 2016). Thus, where a § 1226(a) [detainee] was provided with a bona fide bond hearing, this Court may not grant him a new bond hearing or order his release, and the petitioner seeking review of the bond decision must instead either appeal the denial of bond to the Board of Immigration Appeals or seek his release through filing a request with immigration officials for a bond redetermination. *Id.*; *see also Contant*, 352 F. App'x at 695. The only situation in which a discretionary detainee who has received a bond hearing may be entitled to habeas relief arises where the petitioner can show that his bond hearing was conducted unlawfully or without Due Process, in which case this Court may have the authority to order a new bond hearing. *See, e.g, Garcia v.*

> *Green*, No. 16-0565, 2016 WL 1718102, at *3-4 (D.N.J. Apr. 29, 2016).
>
> . . . This Court is aware of no caselaw in this circuit which suggests that an alien who has already received a bond hearing under 8 U.S.C. § 1226(a) is entitled to release or a new bond hearing absent a showing that he was denied Due Process at his bond hearing or that his bond hearing was otherwise unlawfully conducted. S*ee, e.g., Garcia*, 2016 WL 1718102 at *3 (court can grant a new bond hearing to § 1226(a) detainee where the original hearing was conducted unlawfully or was not held at all, but cannot overrule denial of release after a bona fide hearing); *see also Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) (same). Indeed, in its recent decision in *Jennings v. Rodriguez*, 538 U.S. ---, 138 S. Ct. 830 (2018), the Supreme Court explicitly rejected decisions of the Ninth Circuit providing that an alien, after his first bond hearing under § 1226(a), should receive new hearings every six months where the burden would shift to the Government to prove that Petitioner's detention remained necessary. 138 S. Ct. at 847-48. As the Court noted, "[n]othing in § 1226(a)'s text . . . even remotely supports the imposition of either of those requirements." *Id.* at 847. Thus, it is clear that, absent a showing that his bond hearing was conducted in the absence of Due Process or was otherwise unlawfully conducted, an alien held pursuant to § 1226(a) who has previously received a bona fide bond hearing is not entitled to habeas relief. *Id.* at 847-48.

*Colon-Pena v. Rodriguez*, No. 17-10460, 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018).

As the filings in both this matter and Petitioner's previous immigration habeas matter establish, Petitioner has already received a bond hearing at which he was denied relief as the immigration judge determined that he was a danger to the community and a flight risk. Indeed, on appeal, the BIA determined that the Government had proven Petitioner's dangerousness by "clear and convincing evidence." *See Marroquin*, 2017 WL 4516467 at *1. Although Petitioner expresses his disagreement with the decisions of the immigration judge and BIA as to his bond requests, this Court is without jurisdiction to second guess the determinations of the immigration courts as to the merits of Petitioner's bond request. 8 U.S.C. § 1226(e). Likewise, Petitioner's argument that the shear length of his detention alone requires another bond hearing is foreclosed

by *Jennings* as "[n]othing in § 1226(a)'s text . . . even remotely supports" such a proposition. 138 S. Ct. at 847.

Petitioner would therefore only be entitled to habeas relief if he could show that he was denied Due Process during those bond proceedings. *See Garcia*, 2016 WL 1718102 at *3. Petitioner has made no such showing. Although Petitioner mentions several times his belief that his detention has become overlong, and argues that he should be provided another bail or bond hearing to prove that he is not a danger to society, he was already provided just such an opportunity during his previous bond hearing. Petitioner does not argue that he was not permitted an opportunity to provide evidence in support of his release at his bond hearing, nor that the immigration judge misapplied the standard of proof, law, or facts in regard to his bond hearings. Petitioner has thus not alleged, let alone shown, how he was denied Due Process at his most recent bond hearing, and has thus failed to show his entitlement to habeas relief. Petitioner's current habeas petition must therefore be denied without prejudice.

### III. CONCLUSION

For the reasons expressed above, this Court will deny Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice. An appropriate order follows.

Dated: May 10, 2018  *s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge

7